## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MYLAN INC., et al.,** | **Civil Action No. 22-3944 (KM)** |
| Petitioners, | REPORT AND RECOMMENDATION |
| v. | |
| **SOMAXON PHARMACEUTICALS, INC., et al.,** | |
| Respondents. | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Petitioners/Defendants and Counterclaim-Plaintiffs Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan" or "Petitioner") seeking to transfer consideration of this Motion to Quash to the District of Delaware pursuant to Fed. R. Civ. P. 45(f), or, in the alternative, to quash the deposition subpoena ("Subpoena") served on Teva Pharmaceuticals USA Inc. ("Teva") by plaintiff Somaxon Pharmaceuticals Inc. ("Somaxon") and nonparties Currax Pharmaceuticals LLC, Currax Holdings LLC, and Currax Holdings USA LLC (collectively, "Currax"). *See* Dkt. No. 1. Currax opposes Mylan's motion. *See* Dkt. Nos. 6 and 7. For the reasons set forth below, it is respectfully recommended that Petitioner's motion to quash [Dkt. No. 1] be **GRANTED IN PART** solely to the extent that said Motion be transferred to the District of Delaware.

**I.   BACKGROUND**

The Subpoena arises out of a contract dispute in the District of Delaware based on the breach of a settlement agreement reached in a patent infringement suit. *See* Dkt. No. 1-1 at 1; *see*

*also Somaxon Pharmaceuticals Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100 (D. Del.) (the "Delaware Suit"). On July 18, 2012, the parties in the Delaware Suit entered a settlement agreement. *See* Dkt. No. 6 at 2 (citing Dkt. No. 7-1, Exh. A). Seven years later, in 2019, Mylan moved to enforce said agreement. In its decision on the motion, the Delaware court found that Currax had breached the settlement agreement and that Mylan could pursue damages for the breach. *See Somaxon Pharms. Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100, ECF No. 322 at 6-7 (D. Del. Jun. 25, 2020). However, Mylan's motion to enforce did not include estimated damages. On February 16, 2022,[1] the Delaware court entered a Scheduling Order pertaining to discovery as to damages which stated that fact discovery would close on June 6, 2022. *Somaxon Pharms Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100, ECF No. 331 (D. Del. Feb. 16, 2022). The Scheduling Order specifically stated that "[a]ll fact discovery in this case shall be initiated so that it will be *completed on or before June 6, 2022.*" *Id.* (emphasis added). Plaintiff subsequently served four subpoenas on or after June 1, 2022, with the last deposition subpoenas being served on the day of the fact discovery deadline, June 6, 2022. Dkt. No. 1-1 at 1. Currax did not seek leave from the Court to extend the deadline set forth in the February 16, 2022 Scheduling Order. *Id.* at 1-2.

At a meet and confer between the parties, Mylan requested that Currax withdraw the subpoenas because they were not timely served under the February 16, 2022 Scheduling Order and because late discovery would prejudice Mylan's opening expert report, which was due on July 8, 2022. *Id.* at 2. Currax refused to withdraw the subpoenas and refused to consent to a transfer of

---

[1] In the span between the Delaware court's decision in June 2020 and the entry of the Scheduling Order in February 2022, Currax filed an appeal of the June 2020 decision which it later terminated in January 2021. *See* Dkt. No. 6 at 3. The parties then disputed the proposed schedule for conducting discovery related to damages, with the Delaware court ultimately entering the February 16, 2022 Scheduling Order. *Id.*

the motion to quash to Delaware for consideration by the District Court there. *Id.* Accordingly, Petitioner Mylan moved to quash Currax's subpoena. *See id.*

## II. DISCUSSION

Under Rule 45, a subpoena-related motion must be filed in the district where compliance with the subpoena is required. Fed. R. Civ. P. 45(c), d(2)(B)(i), and (d)(3)(A). But, when compliance is disputed, Rule 45(f) allows the court to transfer a subpoena-related motion where "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021).[2] While Rule 45(f) is silent on how a court should interpret "exceptional circumstances," courts have frequently cited to and relied on the Advisory Committee Notes to the 2013 amendments to Rule 45(f), which "provide two examples of situations in which transfer due to exceptional circumstances is appropriate: (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts." *Hoog*, 338 F.R.D. at 517 (further noting that other factors courts look to include the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation") (quoting *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). Here, the Undersigned recommends that this Court transfer consideration of the motion to quash to the District Court of Delaware due to the presence of "exceptional circumstances."

Many courts have supported the notion that a court should transfer a subpoena-related motion if the transferee would be better equipped to rule on the motion. *See, e.g.*, *Hoog*, 338 F.R.D.

---

[2] There is scant published case law on Fed. R. Civ. P. 45(f), and neither the Third Circuit nor the District of New Jersey have issued published decisions on this issue. Thus, this Report and Recommendation will cite to sister courts that have published opinions regarding this procedural issue.

at 515 (S.D. Fla. 2021); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (emphasizing that a court should also consider the avoidance of inconsistent results as a factor); *Arclin USA, LLC. v. Vits Tech. GmbH*, No. 2:20-mc-48, 2020 WL 6882600, at *2 (S.D. Ohio Nov. 24, 2020) (finding exceptional circumstances where the issuing court had presided over litigation for around eight months). The above notions are particularly relevant here because the District of Delaware has presided over this case for at least ten years, including two years of litigation regarding the current issues. *See* Dkt. No. 9. As Mylan cites in its brief in support, the District Court for the Northern District of Texas, Dallas Division already elected to transfer a similar motion to quash that was filed relating to the underlying Delaware Suit. *See* Dkt. No. 9-2; *see also Somaxon Pharms., Inc. et al. v. Actavis Elizabeth LLC, et al.*, No. 3:22-MC-0044-C (N.D. Tex., Dallas Div. June 21, 2022).

Here, it cannot be contended that the District of Delaware is not in a better position to rule on this motion. As previously noted, one factor to consider when assessing "exceptional circumstances" is the position of the potential transferee court. *See Hoog*, 338 F.R.D. at 517. In this case, the District of Delaware has extensive experience with the complex facts of this case, as evidenced by the sheer length of the case and the Delaware court's many decisions regarding the underlying dispute, including issuing the opinion which found that Currax had breached the settlement agreement and that Mylan could pursue damages for the breach. *See Somaxon Pharms. Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100, ECF No. 322 at 6-7 (D. Del. Jun. 25, 2020); *see also* Dkt. No. 9. Further, the Scheduling Order which is in dispute is one that originated from the District of Delaware. *See* Dkt. No. 1-1. Thus, the Delaware court is in the best position to rule on the implications of the motion to quash in relation to the fact discovery deadline set forth in that court's scheduling order. *See* Dkt. No. 9.

Additionally, transferring consideration of the motion to quash to the District of Delaware avoids the possibility of obtaining inconsistent results, especially where, as here, there have been multiple subpoenas served in other districts and at least one motion to quash has already been transferred to the District of Delaware for consideration by that court. *See Somaxon Pharms., Inc. et al*, No. 3:22-MC-0044-C (N.D. Tex., Dallas Div. June 21, 2022); *see also Wultz*, 304 F.R.D. at 46. Accordingly, the Undersigned finds that "exceptional circumstances" are presented here and respectfully recommends that the motion to quash be transferred to the District of Delaware.

### III.     CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Federal Rule of Civil Procedure 78;

**IT IS** on this 30th day of September, 2022,

**RECOMMENDED** that Defendant's motion to quash [Dkt. No. 1] be **GRANTED IN PART** solely to the extent that said Motion be transferred to the District of Delaware; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

      s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**